CV-23-0402

CAUSE NO. _____

| | | |
|---|---|---|
| CURTIS BILLINGSLEY | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | Grayson County - 397th District Court |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| Defendant. | § | GRAYSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Curtis Billingsley files this Plaintiff's Original Petition against Defendant Nationwide Property & Casualty Insurance Company, shows unto the Court the following:

### I. PARTIES AND DISCOVERY LEVEL

1.     Discovery is intended to be conducted under Level Three of Tex. R. Civ. P. 190.

2.     Plaintiff Curtis Billingsley is a resident of Grayson County, Texas.

3.     Defendant Nationwide Property & Casualty Insurance Company ("Nationwide") is an insurance company authorized to conduct business in the State of Texas and may be served through its registered agent for service of process, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

4.     In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Plaintiff relies upon Rule 28 of the Texas Rules of Civil Procedure ("TRCP") in order to properly identify the corporate or other entities which are defendants herein.

### II. PARTIAL IDENTIFICATION INFORMATION

5.     Pursuant to CPRC § 30.014, the last three numbers of Plaintiff's social security number are 322 and the last three numbers of his driver's license number are 870.

**PLAINTIFF'S ORIGINAL PETITION**                                    **PAGE 1 OF 9**

### III. JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court. All or a substantial portion of the events or omissions giving rise to the claims asserted herein occurred in Grayson County, Texas. Therefore, venue of this case is proper in Grayson County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §§ 15.002 and 15.032.

### IV. RULE 47 DAMAGE ALLEGATIONS

7.     Pursuant to the provisions of Tex. R. Civ. P. 47, the damages sought herein are within the jurisdictional limits of the Court. Plaintiff seeks monetary damages in excess of $250,000 but not more than $1,000,000.

8.     Pursuant to TRCP 48, Plaintiff elects to plead in the alternative.

### V. AGENCY AND RESPONDEAT SUPERIOR

9.     Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that Nationwide or its agents, officers, servants, employees, or representatives did such act or thing, and further, that it was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### VI. BACKGROUND FACTS

10.     Plaintiff owns property located at 116 E. Main St., Whitesboro, Texas 76273 (the "Property"). Prior to the loss made the subject of this suit, Plaintiff purchased insurance policy ACP BPOK 3057409447 from Defendant with an effective period of October 15, 2020 to October 15, 2021 to insure the Property (the "Policy'). All premium payments required to be paid for the Policy were paid and the Policy was in full force and effect without lapse during the applicable

policy period. Subject to its terms and conditions, the Policy covers the Property for damage caused by wind and hail.

11.    Plaintiff reported a claim to Defendant for storm damage to the Property in accordance with the terms of the Policy. Plaintiff cooperated during the investigation of the Claim by making the Property available for inspection to Defendant's consultants and by providing all available documentation responsive to requests by the carrier.

12.    Plaintiff hired Grasso Public Adjusters ("Grasso") to assist with the presentation of the Claim. Grasso presented evidence of storm damage, including numerous photographs depicting a variety of storm damage to the Property. Likewise, Grasso submitted a detailed estimate for repairs totaling $84,352.37.

13.    Defendant retained engineering firm EFI Global, Inc. ("EFI") to inspect the Property and report on the damage. EFI's report noted areas of damage to the roof of the Property, including damage caused by hail, however, concluded the damages were cosmetic only. EFI also found tears in the flashing membrane, but concluded the tears were not storm-related. Nationwide denied payment of the Claim on December 22, 2021, based on EFI's assessment.

14.    Plaintiff retained engineer Casa Engineering ("Casa") to inspect the Property and provide an additional opinion regarding the storm-related damage to the Property. Casa engineer Arnulfo Escamilla, P.E. investigated the damage to the Property, which included physically observing and photographing the exterior and interior surfaces of the Property, as well as review and consideration of data relative to weather history for the location of the Property.

15.    In his September 26, 2022, report, Mr. Escamilla noted wind damage to the Property such as deflected metal panel seams at overlaps, large separations along parapet walls, and displaced roof panels along south eve. He noted interior damage to the Property resulting from

**PLAINTIFF'S ORIGINAL PETITION**                                    **PAGE 3 OF 9**

water intrusion. Mr. Escamilla concluded the Property was exposed to winds on October 20, 2021, in the range of 75 mph, which resulted in the above-referenced damage to the Property. He has recommended replacement of the roof because of such damage.

16.     Plaintiff presented Defendant with a copy of Mr. Escamilla's engineering report for consideration with a request that the Claim denial be reconsidered. However, instead of paying the Claim, Defendant rejected Plaintiff's request and evidence of a covered loss and maintained the denial. Defendant's inadequate investigation, including the wrongful denial of Policy benefits has necessitated the filing of this suit.

## VII. <u>CAUSES OF ACTION AGAINST NATIONWIDE</u>

### A. <u>Breach of Contract</u>

17.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action. All prerequisites to the filing of this suit and recovery of damages have been met by the Plaintiff.

18.     Plaintiff would show that the Policy was in full force and effect upon discovery of the covered physical loss or damage to his Property. The Policy insures against Direct Physical Loss to Covered Property caused by a covered peril. The Policy provides coverage for functional damages to the roof covering (as set forth in the applicable policy endorsement) caused by wind or hail occurring during the Policy period unless the loss is otherwise excluded or limited by the policy. The Policy at issue does not exclude or otherwise limit loss or damage caused by the February 28, 2021, storm. Accordingly, the event constitutes a covered peril causing direct physical loss or damage (functional)to the Property.

## B. Common Law Causes of Action

19.    Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action. All prerequisites to the filing of this suit and recovery of damages have been met by the Plaintiff.

20.    By its acts, omissions, failures and conduct, Defendant breached the common law duty of good faith and fair dealing by delaying and denying Plaintiff's claims for damages to his Property without a reasonable basis and by failing to conduct a reasonable investigation with respect to the Claim. Defendant also breached its duty by unreasonably delaying payment of Plaintiff's Claim and failing to fully settle the Claim when it knew or should have known that it was reasonably clear that such claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

## C. Texas Insurance Code Violations

21.    Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant.

22.    By its acts, omissions, failures and conduct, Defendant has engaged in unfair or deceptive acts or practices in the business of insurance in violation of Tex. Ins. Code §§ 541.051 and 541.060. Such violations include, without limitation, the conduct described herein and Defendant's unreasonable delays in the investigation and resolution of the Claim and its failure to pay the Claim after liability had become reasonably clear. Specifically, Defendant committed the following unfair insurance practices:

a.    Defendant engaged in unfair claims settlement practices prohibited by Section 541.060(a)(2)(A) of the Texas Insurance Code and Section 17.50(A)(4) of the DTPA by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b.    Defendant engaged in unfair claims settlement practices prohibited by Section 541.060(a)(3) of the Texas Insurance Code and Section 17.50(a)(4) of the DTPA by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.    Defendant engaged in unfair claims settlement practices prohibited by Section 541.060(a)(4) of the Texas Insurance Code and Section 17.50(a)(4) of the DTPA by failing within a reasonable time to affirm or deny coverage of a claim; and,

d.    Defendant engaged in unfair claims settlement practices prohibited by Section 541.060(a)(7) of the Texas Insurance Code and Section 17.50(a)(4) of the DTPA by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

23.    All of the above-described acts, omissions and failures of Defendant Nationwide was a proximate and producing cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

## D. DTPA Violations

24.    Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Nationwide.

25.    Defendant's conduct, acts, omissions and failures as described herein constitutes the use or employment by any person of an act or practice in violation of Tex. Ins. Code Ch. 541, giving Plaintiff the right to relief pursuant to Tex. Bus. & Com. Code § 17.50(a)(4). Additionally,

Defendant engaged in an unconscionable action by taking advantage of Plaintiff's lack of knowledge, ability and experience in insurance coverage matters to a grossly unfair degree, which gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

26.    All of the above-described acts, omissions and failures of Defendant was a proximate and producing cause of Plaintiff's damages. Further, said deceptive acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

### E. Violation of Prompt Payment of Claims Act

27.    Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant.

28.    Defendant violated the Prompt Payment of Claims Act, Tex. Ins. Code § 542.051, by failing to properly and timely investigate and fully pay Plaintiff's claims. Defendant's failure to pay Plaintiff's claims within 60 days of receipt of all items, statements and forms reasonably requested constitutes an automatic violation of Section 542.058 which provides: "*Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.*"

29.    Defendant's wrongful rejection of the claims necessarily means it failed to pay within 60 days automatically violating Section 542.058. Accordingly, Plaintiff is entitled to the relief set forth in Section 542.060 of the act, including attorneys' fees.

## VIII. CONDITIONS PRECEDENT

30.     All conditions precedent necessary to maintain this action have been performed, have occurred, are inapplicable, or could not be timely accomplished prior to filing of suit. Further, Plaintiff provided proper presuit notice to Defendant prior to the institution of this suit.

## IX. DAMAGES

31.     The above-described acts, omissions, failures and conduct of Defendant caused Plaintiff's damages which include, without limitation, the full cost to replace or repair his damaged Property. Plaintiff is also entitled to recover penalty interest on all unpaid monies owed on the claim as damages under the Prompt Payment of Claims Act.

## X. ADDITIONAL DAMAGES

32.     Defendant also "knowingly and/or intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.

33.     Because of Defendant's knowing and/or intentional misconduct, Plaintiff is entitled to additional damages as authorized by the Texas Insurance Code and DTPA.

## XI. ATTORNEYS' FEES

34.     Plaintiff has been forced to engage the services of the below-signed attorneys.

35.     Plaintiff seeks attorneys' fees for the prosecution of this suit pursuant to Sec. 17.50(c) and (d) of the Texas Business and Commerce Code, Sections 541 and 542 of the Texas Insurance Code and Sec. 38.001 of the Texas Civil Practice & Remedies Code.

## XII. JURY DEMAND

36.     Pursuant to Tex. R. Civ. P. 216, Plaintiff makes a jury demand.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final jury trial, that Plaintiff be allowed damages which are set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, costs of Court, reasonable attorneys' fees for the trial and any subsequent appeal of this case, pre-judgment interest at the highest rate permitted by law, post-judgment interest from the date of judgment until paid at the highest rate permitted by law, those damages authorized by the Texas Insurance Code and the Texas Business and Commerce Code, and for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Robert N. Grisham II*
Robert N. Grisham II
State Bar No. 00792550
robert@grishamkendall.com
William A. Kendall
wkendall@grishamkendall.com
State Bar No. 24004736
GRISHAM & KENDALL, PLLC
5910 N. Central Expy., Ste. 925
Dallas, Texas 75206
Telephone: (214) 308-2027
Facsimile: (214) 308-2036

**ATTORNEYS FOR PLAINTIFF**